**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| MATTHEW HOVANEC<br>P.O. Box 2189<br>Heath, Ohio 43056, | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| WARNER EXPRESS, LLC<br>c/o Shawn Elerick<br>8300 Lancaster Newark Road NE<br>Baltimore, Ohio 43105, | ) ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| Defendant. | ) | |

  Plaintiff, Matthew Hovanec, by and through undersigned counsel, as his Complaint against Defendant Warner Express, states and avers the following:

## PARTIES

1. Hovanec is a resident of the city of Heath, Licking County, Ohio.

2. At all times herein, Hovanec was acting in the course and scope of his employment.

3. Warner Express is a domestic corporation that does business at 8300 Lancaster Newark Road NE, Baltimore, Fairfield County, Ohio 43105.

4. Warner Express is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

## VENUE & JURISDICTION

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hovanec is alleging a Federal Law Claim under the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

6. All material events alleged in this Complaint occurred in Fairfield County, Ohio.



7. This Court has supplemental jurisdiction over Hovanec's state law claims pursuant to 28 U.S.C. § 1367 as Hovanec's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Hovanec filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01980 against Warner Express ("Hovanec EEOC Charge").

10. On or about July 22, 2020, the EEOC issued and mailed a Notice of Right to Sue letter to Hovanec regarding the Charges of Discrimination brought by Hovanec against Warner Express in the Hovanec EEOC Charge.

11. Hovanec received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Hovanec has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Hovanec has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**FACTS**

14. Hovanec is a former employee of Warner Express.

15. On or about September 19, 2019, Hovanec began working for Warner Express.

16. Warner Express employed Hovanec as an over-the-road driver.

17. At all times herein, Hovanec was qualified for the position of over-the-road driver.

18. Hovanec is male.

19. Due to a past abdominal injury, Hovanec has trouble holding his bowels ("Hovanec's Condition").

20. Due to Hovanec's Condition, Hovanec is significantly limited in one or more major life activities.

21. Hovanec has a record of physical and/or mental impairment.

22. Due to Hovanec's Condition, Warner Express perceived Hovanec as disabled.

23. Hovanec is disabled within the meaning of R.C. § 4112.01 *et seq.*

24. Hovanec is disabled within the meaning of ADA.

25. Shawn Elerick ("S. Elerick") is co-owner of Warner Express.

26. Eric Elerick ("E. Elerick") is co-owner of Warner Express.

27. At all times herein, S. Elerick and E. Elerick were married to each other.

28. In or about September 2019, Hovanec requested access to Warner Express's bathroom due to Hovanec's Condition ("Request for Accommodation").

29. Hovanec made the Request for Accommodation to S. Elerick and E. Elerick.

30. The Request for Accommodation was reasonable.

31. In or about September 2019, Warner Express gave Hovanec a key to the bathroom.

32. In or about September 2019, E. Elerick began to flirt with Hovanec at work ("Flirting").

33. Among the Flirting, E. Elerick often put her hand on Hovanec's shoulder.

34. E. Elerick did not put her hand on the shoulders of employees other than Hovanec.

35. Among the Flirting, E. Elerick made comments approximately once a week that she thought Hovanec was attractive.

36. In or about September 2019, E. Elerick found shirtless pictures online of Hovanec from when he was a body builder. ("Body Building Photos")

37. In or about September 2019, E. Elerick showed the Body Building Photos to other people at work.

38. In or about September 2019, E. Elerick told Hovanec that she thought he was attractive in the Body Building Photos.

39. Among the Flirting, in or about October 2019, E. Elerick asked Hovanec if she had a "better ass" than his girlfriend.

40. E. Elerick was Hovanec's boss.

41. In or about October 2019, E. Elerick gave Hovanec a loan to pay off his tax debt ("Loan").

42. E. Elerick told Hovanec to keep the amount of the Loan secret from S. Elerick.

43. In or about November 2019, E. Elerick asked Hovanec to come over to her house.

44. E. Elerick's sexual advances were unwelcome to Hovanec.

45. In or about November 2019, Hovanec told E. Elerick that he was not interested in having a sexual relationship with her ("Rebuff").

46. Hovanec opposed sexual harassment.

47. After the Rebuff, Warner Express changed the lock to the bathroom.

48. When Warner Express changed the lock to the bathroom, Hovanec requested a new key to the bathroom ("Second Accommodation Request").

49. Warner Express denied Hovanec's Second Accommodation Request.

50. Warner Express knowingly denied Hovanec's Second Accommodation Request.

51. Warner Express intentionally denied Hovanec's Second Accommodation Request.

52. Warner Express willfully denied Hovanec's Second Accommodation Request.

53. Warner Express's denial of the Second Accommodation Request was an adverse action.

54. Warner Express's denial of the Second Accommodation was an adverse employment action.

55. The Second Accommodation Request was reasonable.

56. Warner Express did not offer any alternative accommodation.

57. Warner Express did not engage in the interactive process to determine whether a reasonable accommodation was available.

58. Warner Express changed the lock to the bathroom because he turned down E. Elerick's sexual advances.

59. Warner Express changed the lock to the bathroom because he opposed sexual harassment.

60. Warner Express declined Hovanec's Second Accommodation Request because he turned down E. Elerick's sexual advances.

61. Warner Express declined Hovanec's Second Accommodation Request because he opposed sexual harassment.

62. In or about December 2019, Hovanec requested a key to Warner Express's bathroom ("Third Accommodation Request").

63. Warner Express denied Hovanec's Third Accommodation Request.

64. Warner Express knowingly denied Hovanec's Third Accommodation Request.

65. Warner Express intentionally denied Hovanec's Third Accommodation Request.

66. Warner Express willfully denied Hovanec's Third Accommodation Request.

67. Warner Express's denial of the Third Accommodation Request was an adverse action.

68. Warner Express's denial of the Third Accommodation was an adverse employment action.

69. The Third Accommodation Request was reasonable.

70. Warner Express did not offer any alternative accommodation.

71. Warner Express did not engage in the interactive process to determine whether a reasonable accommodation was available.

72. Warner Express changed the lock to the bathroom because he turned down E. Elerick's sexual advances.

73. Warner Express changed the lock to the bathroom because he opposed sexual harassment

74. Warner Express declined Hovanec's Third Accommodation Request because he turned down E. Elerick's sexual advances.

75. Warner Express declined Hovanec's Third Accommodation Request because he opposed sexual harassment.

76. In or about December 2019, E. Eleric approached Hovanec privately to discuss his loan payments ("Loan Discussion").

77. In the Loan Discussion, E. Eleric put both of her hands on Hovanec's shoulders.

78. In the Loan Discussion, E. Eleric offered to "take care of stuff" if he was unable to make his loan payments.

79. Hovanec interpreted E. Eleric's comments in the Loan Discussion as a sexual advance.

80. Hovanec reasonably interpreted E. Eleric's comments in the Loan Discussion as a sexual advance.

81. E. Eleric's comments in the Loan Discussion were a sexual advance.

82. In the Loan Discussion, Hovanec turned down E. Eleric's sexual advances.

83. Hovanec opposed sexual harassment.

84. On or about January 30, 2020, Hovanec lost control of his bowels at work ("January 30 Incident").

85. Hovanec lost control of his bowels at work because he did not have a key to Warner Express's bathroom.

86. After the January 30 Incident, Hovanec felt compelled to resign.

87. On or about January 30, 2020, a reasonable person in Hovanec's position would have felt compelled to resign.

88. On or about January 30, 2020, Warner Express constructively discharged Hovanec.

89. Warner Express's constructive discharge of Hovanec was an adverse employment action.

90. Warner Express's constructive discharge of Hovanec was an adverse action.

91. Warner Express constructively discharged Hovanec because of his disability.

92. Warner Express constructively discharged Hovanec because of his perceived disability.

93. Warner Express constructively discharged Hovanec because he turned down E. Eleric's sexual advances.

94. Warner Express constructively discharged Hovanec because he opposed sexual harassment.

95. Warner Express knowingly took an adverse employment action against Hovanec.

96. Warner Express knowingly took an adverse action against Hovanec.

97. Warner Express intentionally took an adverse employment action against Hovanec.

98. Warner Express intentionally took an adverse action against Hovanec.

99. Warner Express willfully took an adverse employment action against Hovanec.

100. Warner Express willfully took an adverse action against Hovanec.

101. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: FAILURE TO ACCOMMODATE UNDER ADA

102. Hovanec restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. Hovanec is disabled within the meaning of ADA.

104. Hovanec informed Warner Express of his disabling condition.

105. Hovanec requested accommodations from Warner Express to assist with his disability.

106. Hovanec's requested accommodations were reasonable.

107. There was an accommodation available that would have been effective and would have not posed an undue hardship to Warner Express.

108. Warner Express failed to engage in the interactive process of determining whether Hovanec needed an accommodation.

109. Warner Express failed to provide an accommodation.

110. Warner Express violated The Americans with Disabilities Act (ADA) 42 U.S.C. § 12101 *et seq*.

111. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT II: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

112. Hovanec restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

113. Hovanec informed Warner Express of his disabling condition.

114. Hovanec requested accommodations from Warner Express to assist with his disability.

115. Hovanec's requested accommodations were reasonable.

116. There was an accommodation available that would have been effective and would have not posed an undue hardship to Warner Express.

117. Warner Express failed to engage in the interactive process of determining whether Hovanec needed an accommodation.

118. Warner Express failed to provide an accommodation.

119. Warner Express violated R.C. § 4112.02 by failing to provide Hovanec a reasonable accommodation.

120. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

121. Hovanec restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

122. During his employment, Hovanec was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by his boss, E. Elerick.

123. The harassment against Hovanec was based on his gender.

124. Hovanec's submission to the unwelcome sexual advances by Warner Express was an express or implied condition for receiving job benefits and/or continued employment.

125. Hovanec rejected E. Elerick's acts of sexual harassment.

126. After Hovanec turned down E. Elerick's sexual advances, Warner Express retaliated against him.

127. After Hovanec turned down E. Elerick's sexual advances, Warner Express changed the lock to the bathroom.

128. After Hovanec turned down E. Elerick's sexual advances, Warner Express did not provide him with a key to the bathroom.

129. After Hovanec turned down E. Elerick's sexual advances, Warner Express constructively discharged Hovanec.

9

130. E. Elerick is co-owner of Warner Express.

131. Warner Express knew or should have known about Warner Express's sexual advances toward Hovanec.

132. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: QUID PRO QUO SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.01 *et seq.*

133. Hovanec restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

134. During his employment, Hovanec was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by his boss, E. Elerick.

135. The harassment against Hovanec was based on his gender.

136. Hovanec's submission to the unwelcome sexual advances by Warner Express was an express or implied condition for receiving job benefits and/or continued employment.

137. Hovanec rejected E. Elerick's acts of sexual harassment.

138. After Hovanec turned down E. Elerick's sexual advances, Warner Express retaliated against him.

139. After Hovanec turned down E. Elerick's sexual advances, Warner Express changed the lock to the bathroom.

140. After Hovanec turned down E. Elerick's sexual advances, Warner Express did not provide him with a key to the bathroom.

141. After Hovanec turned down E. Elerick's sexual advances, Warner Express constructively discharged Hovanec.

142. E. Elerick is co-owner of Warner Express.

143. Warner Express knew or should have known about Warner Express's sexual advances toward Hovanec.

144. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT V: RETALIATORY DISCRIMINATION IN VIOLATION OF TITLE VII**

145. Hovanec restates each and every prior paragraph of this complaint, as if it were fully restated herein.

146. As a result of Warner Express's discriminatory conduct described above, Hovanec opposed the sexual harassment he was experiencing.

147. After Hovanec turned down E. Elerick's sexual advances, Warner Express changed the lock to the bathroom.

148. After Hovanec turned down E. Elerick's sexual advances, Warner Express did not provide him with a key to the bathroom.

149. After Hovanec turned down E. Elerick's sexual advances, Warner Express constructively discharged Hovanec.

150. Warner Express's actions were retaliatory in nature based on Hovanec's opposition to the unlawful discriminatory conduct.

151. Pursuant to Title VII it is an unlawful discriminatory practice to retaliate against a person for opposing sexual harassment.

152. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: RETALIATORY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

153. Hovanec restates each and every prior paragraph of this complaint, as if it were fully restated herein.

154. As a result of Warner Express's discriminatory conduct described above, Hovanec opposed the sexual harassment he was experiencing.

155. After Hovanec turned down E. Elerick's sexual advances, Warner Express changed the lock to the bathroom.

156. After Hovanec turned down E. Elerick's sexual advances, Warner Express did not provide him with a key to the bathroom.

157. After Hovanec turned down E. Elerick's sexual advances, Warner Express constructively discharged Hovanec.

158. Warner Express's actions were retaliatory in nature based on Hovanec's opposition to the unlawful discriminatory conduct.

159. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

160. As a direct and proximate result of Warner Express's conduct, Hovanec suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Hovanec respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Warner Express retroactively to restore Hovanec to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Warner Express of compensatory and monetary damages to compensate Hovanec for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Warner Express in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Hovanec's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Paul Filippelli*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Matthew Hovanec*

## JURY DEMAND

Plaintiff Hovanec demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Paul Filippelli*
>Trisha Breedlove (0095852)
>Paul Filippelli (0097085)